UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SONIA BERRIOS,<br>    Plaintiff,<br><br>v.<br><br>US AIRWAYS, INC.<br>and JANE DOE,<br>    Defendants. | C.A. No. 14-41-M |

## ORDER

Sonia Berrios ("Plaintiff") has brought an action against U.S. Airways, Inc. ("Defendant") claiming negligence after a slip and fall on a jet way. (ECF. No. 1.) Plaintiff filed the case in Rhode Island state court but the Defendant removed it to federal court based on diversity of citizenship. Defendant now moves to dismiss the action pursuant to Fed. R. Civ P. 12(b)(5) for insufficient service of process claiming it never received a summons and/or complaint. (ECF No. 2 at ¶ 5.)

Plaintiff asserts that she properly served Defendant when, on January 2, 2014, her agent gave the summons and complaint to CT Corporation ("CT Corp."), Defendant's registered agent in Rhode Island. (ECF No. 4 at 1.) Defendant asserts that CT Corp. has no record of any service, and, furthermore, that Plaintiff failed to abide by the requirement in Rule 4(c) of the Rhode Island Superior Court Rules of Civil Procedure, which states that the Sheriff shall serve all summons. (ECF No. 2-1 at 3.)

The Court, upon reviewing the sufficiency of service of process prior to removal, analyzes the service of process pursuant to the state law. *See* Fed. R. Civ. P. Rule 81(c) (the Federal Rules of Civil Procedure "apply to a civil action *after* it is removed from a state court")

(emphasis added); *see also Osborne v. Sandoz Nutrition Corp.*, No. 95-1278, 67 F.3d 289, 1995 WL 597215, *1 (1st. Cir. 1995) ("state law governs the service of process prior to removal to the district court.") Therefore, Rhode Island law governs the manner of service in the instant case.

Originally, in Rhode Island, "legislative enactments relating to service of process [were] to be followed and construed strictly." *Barthlein v. Ellis*, 314 A.2d 426, 427 (R.I. 1974). "However, '[i]n construing the [court] rules it has been [the court's] practice to look for guidance in the precedents of the federal courts, upon whose rules those of the [court] are closely patterned.'" *Plushner v. Mills*, 429 A.2d 444, 446 (R.I. 1981) (citing *Nocera v. Lembo*, 298 A.2d 800, 803 (R.I. 1973)). The federal courts, "[i]n construing Rule 4(d)(1) of the Federal Rules of Civil Procedure, . . . have broadly interpreted its provisions where the defendant or defendants have received actual notice of the suit." *Id.*

Following the federal trend, and applying the fact-driven test, "[i]n situations . . . which the defendant has received actual notice of the suit, [Rhode Island Courts have] interpreted such service-of-process rules broadly-especially when the method of service is not inconsistent with the rules." *Flynn v. Al-Amir*, 811 A.2d 1146, 1151-52 (R.I. 2002); *see also Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 24 (1st Cir.1992) ("[w]hen the defendant has received actual notice of the action . . . service of process requirements are to be 'broadly interpreted.")

Under certain circumstances, actual notice can be sufficient to evade a motion to dismiss pursuant to Rule 12(b)(5) and sufficient to satisfy service requirements. For example, in *Bricklayers & Allied Craftsmen Local Union No. 3 v. Union Stone, Inc.*, CA 13-138-ML, 2013 WL 2099494, *3 (D.R.I. May 14, 2013), the court held that, despite improper service,

> [U]nder the circumstances of this case, where the defendant has been apprised of the commencement and the subject of litigation, where a response has been made

2

to the complaint with respect to issues beyond that of the adequacy of service and where the defendant's repeated attempts at evading personal service are well-documented, the plaintiff's prior insufficient service on the defendant cannot serve, by itself, to provide a basis for dismissal of a complaint.

*Id.* While there is no evidence in this case of repeated attempts of evading personal service, the other two factors – knowledge of the commencement of litigation and response to the complaint – are very much evident. The Defendant was aware of the initiation of the law suit through a complaint and proceeded to strategically remove the proceedings from state court to federal court. (ECF No. 1 at 1.) Defendant has done more than merely challenge service. Despite a defect in service of process, it is nevertheless apparent, evidenced by the removal of the case and the filing of the Motion to Dismiss, that the Defendant received the complaint, whether it be by sheriff or other means.[1]

An additional consideration this Court notes is the absence of prejudice. *See Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st Cir. 1993); *see also United States v. Ayer*, 857 F.2d 881 (1st Cir. 1988). Where "the defective service did not prejudice [Defendant]" and "[Defendant] had actual notice of the lawsuit" and "dismissal will prejudice [Plaintiffs] because the statute of limitations has already run on their [] claims," there is "good cause" and the Court, upon its discretion, may not dismiss the complaint. *Benjamin*, 999 F.2d at 592.

Therefore, the Motion to Dismiss Pursuant to Rule 12(b)(5) For Insufficient Service of Process (ECF No. 2) is DENIED.

---

[1] Defendant has not explained how it obtained notice of the complaint if it was not served on it.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 28, 2014